IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN PAUL SEARCY
inmate# 9601103427,
    Plaintiff,

vs.                                                3:10cv113/LAC/MD

DEPUTY PEARSON #380, and
DEPUTY FLANIGAN #260
    Defendants.

## O R D E R

    Plaintiff has submitted his partial initial filing fee, and this cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. Plaintiff sues Deputies Pearson and Flanigan of the Escambia County Sheriff's Office, claiming that they used excessive force against him in effectuating his arrest. Plaintiff's allegations are insufficient to determine whether he states a viable claim for relief.

    Claims involving allegations of excessive use of force in making an arrest arise under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989); *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Determining whether the amount of force used was reasonable requires a balancing of the government interests at stake with the intrusion on the individual's interests. *Graham*, 490 U.S. at 396, 109 S.Ct. at 1871. Factors to be considered include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* 490 U.S. at 396, 109 S.Ct. at 1872 (citing *Tennessee v. Garner*, 471 U.S. at 8-9, 105 S.Ct. at 1699-1700). Reasonableness of a use of force should not be

judged with 20/20 hindsight vision, but rather from the perspective of a "reasonable" officer at the scene. *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 20-22, 88 S.Ct. 1868, 1879-1881, 20 L.Ed.2d 889 (1968)). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id.*, 490 U.S. at 396-97, 109 S.Ct. at 1872. And, the dispositive question is whether the law enforcement officer's actions are "objectively reasonable." *Id.*

Several factors are instructive in determining whether an officer's use of force was objectively reasonable, including "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008) (quoting *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000)). Plaintiff's complaint offers no information about the circumstances of his arrest which might provide insight on the officers' perception of the need for the application of force, or on the officers' state of mind in applying the force. The gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force, *Hadley,* 526 F.3d at 1330, but it is not apparent from the plaintiff's allegations whether he was resisting arrest or otherwise acting in such a way that reasonable officers might have perceived force to be necessary at the time.

Therefore, plaintiff will be required to amend his complaint to provide more detail about the events on the date in question. In the statement of facts, he should set forth facts sufficient to state a constitutional violation, as explained herein. Additionally, in the portion of the complaint for Statement of Claims, he should note that his claim arises under the Fourth Amendment.

In amending, plaintiff should carefully review the foregoing to determine what is necessary to state a cause of action under the relevant law. If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, that has been marked "Amended Complaint." Plaintiff is advised that the amended complaint must

contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Amended Complaint" should be written on the form.

2. The plaintiff shall have **twenty-eight (28) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 28th day of April, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:10cv113/LAC/MD*